IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GLORIA H. VELEZ-VILLARAN,<br><br>**Plaintiff**,<br><br>v.<br><br>CARICO INTERNATIONAL, INC.,<br>RICARDO ORTIZ, ISLAND MANAGER,<br><br>**Defendants**. | CIVIL NO. 09-1980 (FAB) |

**MEMORANDUM AND ORDER**[1]

BESOSA, District Judge.

Before the Court is defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. (Docket No. 8.) Plaintiff has not opposed the motion.

For the reasons discussed below, the Court **DENIES** the Motion to Dismiss and **GRANTS** plaintiff leave to amend her complaint pursuant to the deadline and the conditions stated below.

**FACTUAL AND PROCEDURAL BACKGROUND**

*Pro se* plaintiff Gloria H. Velez-Villaran ("Plaintiff" or "Ms. Velez-Villaran") filed her complaint on September 23, 2009, against Carico International, Inc. and Ricardo Ortiz

---

[1] Christine D'Auria, a second year student at Northwestern Law School, assisted in the preparation of this Memorandum and Order.

CIVIL NO. 09-1980 (FAB)                                          2

("Defendants"). (Docket No. 2.) Plaintiff's complaint states in full:

> I, Gloria H. Velez-Villaran, petitioner in the above captioned case; declare that: I was working with this Company Carico International, Inc. Located in Levittown Branch, in Toa Baja, Puerto Rico, and the managers designated of this area, Mr. Natanael and his wife Mrs. Betzaida, discriminated me on behalf of my age while I was working in the Stated Company.
>
> Because of the Hassasment [sic] by the Managers. Obligated me to resign my position in this Company.
>
> I suffered much in my Life for this act.

(Docket No. 2.)

Defendants filed a Motion to Dismiss on January 25, 2010. (Docket No. 8.) This Court entered an order on April 16, 2010, (Docket No. 13.), staying the case pending resolution of the Motion to Dismiss.

**LEGAL STANDARDS**

Pursuant to Rule 12(b)(1), a defendant may move to dismiss an action for lack of subject matter jurisdiction. "As courts of limited jurisdiction, federal courts have the duty to construe their jurisdictional grants narrowly." Fina Air, Inc. v. United States, 555 F.Supp.2d 321, 323 (D.P.R. 2008) (citing Alicea-Rivera v. SIMED, 12 F.Supp.2d 243, 245 (D.P.R. 1998)). Because federal courts have limited jurisdiction, the party asserting jurisdiction

CIVIL NO. 09-1980 (FAB)                                                  3

has the burden of demonstrating the existence of federal jurisdiction.  See Murphy v. United States, 45 F. 3d 520, 522 (1st Cir. 1995) *cert. denied*, 515 U.S. 1144 (1995); Droz-Serrano v. Caribbean Records Inc., 270 F.Supp.2d 217 (D.P.R. 2003).  "Motions under Rule 12(b)(1) are brought forth to attack two different types of defects:  the pleader's failure to comply with Rule 8(a)(1), and the Court's actual lack of subject matter jurisdiction -- which may exist despite the formal sufficiency of the allegations in the complaint."  Torres Vazquez v. Commercial Union Ins. Co., 417 F. Supp. 2d 227, 236 (D.P.R. 2006).

**DISCUSSION**

The basis for defendants' Motion to Dismiss under Rule 12(b)(1) falls under the first type of defect, pursuant to Rule 8(a)(1).  This sort of defect has been referred to as a facial defect, not a factual one.  See Valentin v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001).  When addressing a jurisdictional challenge for facial deficiency, "the court must consider all the allegations in the complaint as true, and will not look beyond the face of the complaint to determine jurisdiction." Mercado-Arocho, 455 F. Supp. 2d at 18.  Such a facial challenge only requires a court to examine the complaint and determine whether the plaintiff "'has sufficiently alleged a basis of subject matter

CIVIL NO. 09-1980 (FAB)                                                    4

jurisdiction.'" <u>Torres-Negron v. J & N Records, LLC</u>, 504 F.3d 151, 162 (1st Cir. 2007) (quoting <u>Scarfo v. Ginsburg</u>, 175 F.3d 957, 960 (11th Cir. 1999)); <u>see, e.g.</u>, <u>Fina Air Inc. v. U.S.</u>, 555 F. Supp. 2d 321, 325-28 (D.P.R. 2008) (examining a facial challenge and applying the standard articulated in <u>Torres-Negron</u>).

    Defendants contend that plaintiff's complaint is facially deficient under Rule 8 for failure to plead federal jurisdiction. Pursuant to Rule 8, a complaint must set forth 'a short and plain statement of the grounds upon which the court's jurisdiction depends. . . .'" FED. R. CIV. P. 8(a)(1).  Under this standard, plaintiff Velez-Villaran's complaint technically is defective because it fails to include such a statement.  The complaint is only approximately four sentences long and does not contain even a minimum set of facts from which the Court can ascertain jurisdiction.  The only factual, non-conclusory statements plaintiff has written is that she worked with Carico International Inc., which is located in Toa Baja, Puerto Rico; that she resigned her position in the company; and that she suffered much in her life. (Docket No. 2.)  As such, plaintiff has failed to include a short and plain statement of the grounds for the Court's jurisdiction, a short and plain statement of the claim showing that

CIVIL NO. 09-1980 (FAB)                                                        5

she is entitled to relief, or a demand for the relief sought, all of which are required under Rule 8.

It is clear that plaintiff's complaint is facially deficient under Rule 8.  The Court's analysis, however, does not end here.  Pursuant to Rule 15,[2] the Court finds that justice requires that plaintiff be given leave to amend her complaint. According to the First Circuit Court of Appeals, "[a]lthough FED. R. CIV. P. 12(h)(3) states that 'whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action,' courts should heed the admonition of FED. R. CIV. P. 15 to allow amendments 'freely' if it appears possible that plaintiff can correct the jurisdictional defect."  Odishelidze v. Aetna Life & Casualty Co., 853 F.2d 21, 24 (1st Cir. 1988) (citations omitted).

Allowing a plaintiff to amend a complaint to show that subject matter jurisdiction actually exists, even when defectively pleaded, "is specifically allowed by 28 U.S.C. § 1653[,] which provides that 'defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.'"  Odishelidze, 853 F.2d at 24 (citations omitted).  The First Circuit Court of Appeals goes on to

---

[2] Rule 15 states in pertinent part: "[A] party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15.

CIVIL NO. 09-1980 (FAB)                                                              6

note that "[t]his statute is normally construed liberally so as to avoid dismissals of complaints on technical grounds," so that defects in the pleadings "usually are not fatal." Id.  Because "[c]onsent to file amended pleadings shall be freely given when justice so requires unless the amendment would be futile or reward undue delay," leave to amend the complaint should be granted to clarify petitioner's insufficient statement of the court's jurisdiction. See Adorno v. Crowley Towing & Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006) (internal quotations omitted).

Because Ms. Velez-Villaran is proceeding *pro se*, the Court will construe her pleadings liberally. Hughes v. Rowe, 449 U.S. 5, 10 (1980) ("As the Court unanimously held in Haines v. Kerner, 404 U.S. 519 [92 S.Ct. 594, 30 L.Ed.2d 652] (1972), a *pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers' . . . ."); see also Instituto de Education Universal Corp. v. U.S. Dept. of Ed., 209 F.3d 18, 23 (1st Cir. 2000) ("The Supreme Court has long held that complaints drafted by non-lawyers are to be construed with some liberality.") Although "*pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law," Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006), the Court will not dismiss this action at this

CIVIL NO. 09-1980 (FAB)                                                        7

juncture, on essentially technical grounds, without affording Ms. Velez-Villaran some opportunity to replead.  See Instituto de Education Universal Corp., 209 F.3d at 23.

Although it grants the plaintiff leave to amend her complaint, the Court must admonish the plaintiff to take heed that under Rule 8(a)(2), her pleading must contain a "short and plain statement of the claim showing that [she] is entitled to relief."  Fed. R. Civ. P. 8.  While the pleading standard outlined in Rule 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citation omitted). Plaintiff must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory."  Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988).  The complaint must contain factual allegations that "raise a right to relief above the speculative level," or in other words, plaintiffs must "nudge[] their claims across the line from conceivable to plausible."[3]  Bell

---

[3] Notably, the U.S. Supreme Court "disavowed the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that a 'complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in relief of his claim which would entitle him to relief.'"  Margo Caribe, Inc., 490 F.3d at 95-96 (citing Twombly, 550 U.S. at 562-63).

CIVIL NO. 09-1980 (FAB) 8

Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

## CONCLUSION

In light of the above, this Court **DENIES** defendants' Motion to Dismiss and **GRANTS** plaintiff Velez-Villaran leave to file an amended complaint curing the deficiencies of her pleadings and setting forth cognizable claims in accordance with Rule 8. Plaintiff's failure to submit an amended complaint rectifying such deficiencies by July 6, 2010, however, will result in an automatic dismissal of her complaint by this Court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, June 7, 2010.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA UNITED
STATES DISTRICT JUDGE